May I begin? Yes, please. Good morning, Your Honor. It's Douglas Benidorm for Appellant Sherry Thomas. Your Honor, in deference to the Court's calendar and the thoroughness of the briefs, I'd like to, I think, summarize briefly what I feel is the central issue on this case, and that this is an appealable order which should be reversed because my client, Dr. Thomas, was never afforded a full and full and fair opportunity to litigate her case against Coldwell Banker. For Coldwell Banker's Where's the final judgment? Therein lies the rub. Our position, Your Honor, as set forth in the brief, is that this is effectively a termination of the litigation because what the bankruptcy court did is preclude my client from alleging what is in effect. But he didn't preclude Kammerer, which Banker said was a he or she. It's she, Your Honor. She did not preclude him amending and even gave some examples, as I recall, of things that might possibly be the basis for an amendment. We agree, Your Honor, that it could be, excuse me, the complaint could be amended. But the reason that we believe an appeal at this point is appropriate is because the essence of the claim is the court's finding that the hammered sale, I mean, the inaugural offer and the sale itself were precluded by law of the case from being litigated in this adversary action, and that effectively eviscerates the case and terminates the litigation. So while there can be... But shouldn't you have gone back, or I don't know if it was you, but somebody gone back and said there's been no, we're not going to amend, would you enter judgment, or the respondent here gone back and said they didn't amend, enter judgment? Nobody did either of those. That is correct. That was not counsel in the trial court, but that is correct. There was no request to enter judgment. There was instead an appeal filed immediately from the interim order. The posture you're in now is that you have a dismissal with leave to amend still. Is that correct? That is correct, Your Honor. So if your appeal here were dismissed for lack of jurisdiction, you would still have the option to go in and either amend, presumably, or ask for final judgment. Is that right? That is our position, Your Honor, that if, in fact, this court does dismiss for lack of jurisdiction, it would put us back to the status quo of a right to leave to amend, or alternatively to submit, I believe it's even a letter to the court saying we're not going to amend. Give some indication to the court there's no leave to amend. If you were sent back, could the bankruptcy judge say, well, you can't amend because you're past your time limit? Our position, Your Honor, would be certainly that the time was told pending this appeal. Otherwise, that would effectively make this a final judgment, in which case it would be properly before this court. I believe it's proper to be here, nevertheless, because as we've cited in the brief and the cases say, we want to avoid endless repetitions to this court. The matter is fully briefed on the merits. The effect of a dismissal at this point, if we were to go back to the bankruptcy court and, for example, say we're not going to amend, we then have to go back to the district court and then back up to this court on an issue that's been fully briefed and is fully on a complete record at this point. But, of course, that's an appealing argument. The only difficulty with it is that jurisdiction, we don't have authority to invoke jurisdiction if we don't have jurisdiction. So your posture comes up in every case where you say we don't have jurisdiction, but the merits are fully briefed, does it not? Well, except in a bankruptcy case, there is authority from this circuit of a pragmatic approach where the interlocutory order effectively does terminate the litigation. That is, nevertheless, proper for this court to assume jurisdiction. Well, we do take a practical approach in bankruptcy cases if there's an issue that really must be decided in order for the bankruptcy court to move forward in an efficient and an effective way. But I don't see that here. I don't see anything that suggests that there's any reason that we should do. There's nothing practical to apply here in this case. Our argument on that point, Your Honor, is that the essence of the claim is precisely the points that the Court found were precluded by law of the case. And that if we were to go back, it would be we could amend, and it could possibly go forward, but it would be futile in the sense that any final judgment would then have to again come up on appeal on this precise issue. You know, I sat on the panel that previously found that we agree with the BAP that the bankruptcy court's finding that Wolf was a good-faith purchaser is not clearly erroneous. Now, nothing's happened since that time that would change anybody's mind, as far as I know. Right. But the essence of our appeal, Your Honor, is that the finding on the good-faith purchase was not a finding on the liability of Coldwell Banker for its own breach of statutory and fiduciary duties. Well, we also held in that case that as long as the dual capacity was revealed, that it was okay. Your Honor, we never disputed that, you know, the dual capacity was disclosed, but there's more to it than that, and that is under 11 U.S.C. 327 that there's an ongoing duty of disclosure that goes beyond just dual capacity. It goes on to any type of interest in the proceeding, and here there was the court found no financial interest, but it also made no specific finding on the personal relationship between the agent and the buyer, which perhaps would not have had a dispositive effect on the good faith of the purchaser, but certainly impacted the obligations of the realtor to disclose to the trustee. In addition, there were other issues that were not before the court on the good-faith purchase. For example, one of the offers that came in, there's a notation on it, the word shh. We've never had an opportunity to investigate that or to know what extent Coldwell Banker, as alleged, was, in fact, suppressing other bids in order to favor this purchaser, which in no way would affect Mr. Wolf, the purchaser's good faith, but would impact the duties of the realtor. And in conclusion, in response to the court's position, if this is, in fact, a non-appealable order and is dismissed on jurisdictional grounds, it should be put back in the status quo with time to amend the complaint. Thank you. Thank you, Your Honor. Good morning. May it please the Court, my name is John Derrick. I appear for Coldwell Banker, Frank Myers, and William Kapp. Also present is Christy McClone, representing the estate of Robert Wolf. Inasmuch as the interests of the appellees appear to be somewhat perfectly aligned, it's anticipated that I'll take the laboring order this morning. I believe that Dr. Wolf is really trying to have her cake and eat it on the jurisdictional issue. On the one hand, she says, well, this was essentially a terminating order. There was really no window through which one could have passed in order to take it any further. But then in her reply brief, she says, ah, but if it turns out that there is no jurisdiction, could you make sure that I can go back in order to file the second amended complaint? And, indeed, on page 8 of her reply brief, she sets out the gravamen of a second amended complaint. Well, if she can file a second amended complaint now, she could have filed it before. And I truly do not see that any of the pragmatic reasons that can sometimes enter into this analysis really do apply here. Typically, the pragmatism kicks in where, for example, you've got this adversarial proceeding, for example, which somehow complicates everything else to do with the bankruptcy estate. I think that's, for example, what the In re Woodson case addressed. But here, this is all that there is left. There's nothing else going on in the bankruptcy case. And so there's really no reason to treat this case any differently from an appeal of an order to dismiss with leave to amend coming out of a district court in a non-bankruptcy matter. Sotomayor Do you want us to dismiss it? Well, there, Your Honor, is an interesting question. Because I will share a confidence with this Court that my dream outcome is that you disagree with me on jurisdiction but uphold your firm on the merits. And, you know, I grappled with this issue about, you know, should one argue jurisdiction or not. But at the end of the day, I thought I didn't really have any choice because the rules of this Court require the parties to address jurisdiction. And I'm not sure that I can make a plausible argument that the Court does have jurisdiction. Let's assume that we dismiss for lack of jurisdiction. Whose decision is it as to whether or not the plaintiff should be allowed to amend? Yes. That is also an excellent question, Your Honor. I will answer it as follows. Either this Court has jurisdiction or it does not have jurisdiction. If it does not have jurisdiction, it means that the Court cannot give any marching orders to the bankruptcy court about what should happen next. Essentially, the appellant is politely shown the door and told that she's in the wrong court at this particular time. And I don't think that it would be appropriate for this Court to then direct Judge Riblett about what to do next. As an aside, Coldwell Banker's position would be that, in fact, Dr. Thomas has blown through her period to file a second amended complaint. Briefly, the order being appealed says that a second amended complaint should have been filed on or by May 13, 2004. That time period came and it went. There was no second amended complaint. But what is more, nor was there actually a notice of appeal. The notice of appeal was that this would be left to the bankruptcy court. Indeed. It's not before this Court. Not before this Court. Indeed. And so it would be, if the Court feels no jurisdiction, just a straightforward dismissal and people can battle on elsewhere. Is it possible that once the time set by the district court for amending passed, that the judgment at that point becomes final? Were that to be the case, Your Honor, then essentially any disappointed litigant who has received a motion to dismiss, who is at the receiving end of a motion to dismiss with limited leave to amend, could essentially just sit it out and have an appealable order. And I think were that to be the case, it would really completely undermine the basic rule that you have to have a final appealable order. You have to, if you like, have exhausted all your remedies in the trial court. In effect, what the district court has said, you can't amend your opinion unless you do it by May such and such. That is indeed the case. They said that. But if that then, if the failure then to file an amendment turns it into an appealable order, then one will be setting up a rule, which I don't believe exists, that any motion to dismiss with leave to amend becomes appealable if the litigant simply does nothing. Well, isn't it standard practice in such a situation for either the defendant to propose an order to the court saying they haven't amended, please enter judgment, or for the plaintiff to go to the court and say we don't intend to amend, so would you please enter judgment? Well, indeed. That may indeed be the case. But nobody did it here. I know. But sort of following up on Judge Fletcher's question, that would be the standard way of finalizing the case would be to one side or the other approach the bankruptcy court and say there's been no amendment, would you enter a judgment? That I think would be the case. I suppose what complicated it here was that Dr. Thomas filed the notice of appeal. And at that point, the bankruptcy court lost jurisdiction of the case. Well, that is – I mean, you can't – you don't lose jurisdiction if somebody files a frivolous notice of appeal, do you? Well, maybe there should have been a motion before this Court to have dismissed this appeal at an earlier stage, or maybe indeed before the district court to have done so. But at the end of the day, jurisdiction is something which either exists or does not exist. And it's not something which one can conjure up for the convenience of the parties, nor is it something that I believe that one can – that one can waive. I would also like to speak to the merits of the case if the Court would find that to be a jurisdictional issue. I have no questions. Or on the merits. You have no question? If there's no jurisdiction. Well, I don't know what the course is. And it won't be helpful. Now, sometimes what we have done in these cases, I've seen like in a 54B case or others where there's a question about that, where people go back to the district court and then they come back to us. We hold it in abeyance. We hold it in abeyance and things get regularized. That, of course, is usually where there's one procedural hoop to jump through. What we don't know here is whether there will be an attempted amendment or whether that would be permitted. On the other hand, and we may well ask this question of Mr. Beneden, is whether, you know, his client wants to have judgment entered, in which case then, not We would consider the merits. So I just think it might not be so useful for you today to get into the merits. If the court finds it not useful, I certainly won't labor the merits. I've got lots to say on this. Everybody comes prepared to argue the merits. And we totally understand the inclination. And certainly we've read through the briefs on the merits. But time-wise, probably that would be best done at a later date. I will follow the court's guidance and advice. Thank you, Your Honor. Thank you. In addition to Mr. Derrick, you know, on occasion we have held these in abeyance. If there's just a one procedural hoop or step to go through. And I don't know if you're prepared to make such a determination on behalf of your client at this point or if you would wish us to hold this for 10 days while you determine whether you want to go back to the bankruptcy court and amend and do whatever you might do there or whether you simply want to get a judgment entered. I would prefer to speak to my client on that before making representations. Unless there's any further questions. Well, I guess when you say you want to speak to your client, do you want us to defer submission for 10 days? I am requesting that, Your Honor. Thank you. So why don't we do this. We'll wait for 10 days. You can advise the court whether you are going to ask for judgment to be entered in the bankruptcy court or whether you're simply going to go back and take part in whatever proceedings might occur there. And you can advise us by letter with copy of counsel in 10 days. Thank you, Your Honor. All right. The case was argued, Thomas v. Colwell Banker. Submission is deferred for 10 days. Thank you. The final case for argument this morning is Intraplex Technologies v. The Crest Group.
judges: B. Fletcher, McKeown, Whyte